427

THE COUNTY OF RANDOLPH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 31, 1953.*

WILLIAM A. SCHUWERK, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, County of Randolph, Illinois, by the chairman of its Board of County Commissioners and its State's Attorney, seeks to recover from respondent the sum of $4,058.50. This action is based on a specific statute, which confers jurisdiction on the Court of Claims to hear cases brought thereunder. Ill. Rev. Stat., 1951, Chap. 65, Secs. 37-39; Chap. 37, Sec. 439.8.

The purpose of such statute is to reimburse certain counties in Illinois for expenses, costs, and fees incurred, because of the large volume of petitions for writs of habeas corpus in *forma pauperis* filed therein. The Counties of Will and Randolph are the principal beneficiaries of such statute.

Such counties have previously been given six awards in this Court, and those cases have decided that certain fees, expenses, and costs are reimbursable under such statute. *County of Will* vs. *State*, 18 C.C.R. 189; *County of Will* vs. *State*, 19 C.C.R. 192; *County of Will* vs. *State*, 20 C.C.R. 105; *County of Randolph* vs. *State*, 19 C.C.R. 114; *County of Randolph* vs. *State*, 20 C.C.R. 243; *County of Randolph* vs. *State*, No. 4491, opinion filed February 6, 1953.

A stipulation of facts has been filed herein, and is hereby approved.

The stipulation discloses that the Illinois State Penitentiary is located in Randolph County. Between January 2, 1952 and December 11, 1952, 285 petitions for writs of habeas corpus were filed in *forma pauperis* in the office of the Clerk of the Circuit Court of Randolph County by inmates of such institution. None of the petitioners were, at the time of their commitments, residents of, or committed by any court in Randolph County. In 27 cases the Clerk's filing fee was paid by the petitioner. Writs were issued, served, and returned, and hearings were held in 113 cases. In each of the 113 cases the Sheriff attended before the Court with the prisoners, and the State's Attorney of Randolph County represented the People of this State at the hearing. In addition, the Clerk of the Circuit Court was required to furnish a photostatic copy of the petition to the Attorney General of the State of Illinois at a cost of $1.00 per petition.

The above cited cases have decided all of the questions involved in this case, and claimant is entitled to an award as alleged, and in the amount set forth in the complaint.

The Clerk of the Circuit Court of Randolph County was entitled to receive $5.00 for each petition filed, or the sum of $1,425.00, but he did receive $135.00 in 27 cases, leaving a balance of $1,290.00 due, Ill. Rev. Stat., 1949 and 1951, Chap. 53, Sec. 31. In addition, he was entitled to receive $1.00 for photostats in 113 cases, or the sum of $113.00.

The Sheriff of Randolph County was entitled to receive $1.00 for returning each of the 113 writs of habeas corpus that were issued, or the sum of $113.00;

and, an additional sum of $2.50 in each of the 113 cases wherein he attended before the Judge of the Circuit Court with the prisoner, or the sum of $282.50, or a total sum of $395.50, Ill. Rev. Stat., 1949 and 1951, Chap. 53, Sec. 37.

The State's Attorney of Randolph County was entitled to receive $20.00 for each of the 113 cases in which he appeared at the hearing representing the People, or the sum of $2,260.00, Ill. Rev. Stat., 1949 and 1951, Chap. 53, Sec. 8.

An award is, therefore, entered in favor of the County of Randolph for the sum of $4,058.50.